IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KERBY CADET,
Inmate No. L14499,
    Plaintiff,

vs.                                                    Case No. 3:14cv54/RV/EMT

MICHAEL CREWS, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the court on Plaintiff's third amended civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 38). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 14).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to

Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim

"are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the Third Amended Complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

Plaintiff is a prisoner of the State of Florida who is currently housed at Jackson Correctional Institution ("JCI"). He filed his complaint regarding events that occurred at Walton Correctional Institution ("WCI") where he was previously housed. Named as Defendants are the WCI Food Service Manager, Warden, Assistant Warden, and an Assistant Inspector General, as well as the Secretary of the Florida Department of Corrections

Plaintiff, alleges that he requested to be placed on a vegan diet in keeping with his religious beliefs. Plaintiff indicates that, as a Christian, he was attempting to observe a "Daniel Fast" wherein no meat is consumed for a period of time (ECF No. 38 at 8). Plaintiff states that he filed prison grievances on this matter, which resulted in the Defendant Assistant Inspector General investigating the matter and approving the grievance. Plaintiff was informed that if he would submit another request for the vegan diet, it would be granted (*id.* at 9). However, Plaintiff was later informed that he had violated the vegan diet rules at WCI by purchasing food containing animal byproducts at the prison canteen (*id.*). Plaintiff asserts this was a "tactic or pretext" devised by certain of the Defendants to retaliate against him for filing—successfully—grievances on the matter. Plaintiff was subsequently transferred to JCI, which he portrays as a retaliatory action as well (*id.* at 12).

Thus, Plaintiff states claims for relief under the First and Fourteenth Amendments, based upon infringement of his rights to the free practice of his religion, and upon Defendants' retaliation for his use of the prison grievance procedure. As relief, he seeks injunctive relief, compensatory and punitive damages, and costs (*id.* at 13).

Plaintiff's claims for declaratory or injunctive relief are moot because the conduct he complains of occurred at WCI where he is no longer incarcerated. It is

well established that the transfer of a prisoner from one institution to another renders his claims for declaratory or injunctive relief moot.  Hathcock v. Cohen, 287 Fed. App'x 793, 798–99, (11th Cir. 2008); Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988), *cert. denied*, 488 U.S. 1046, 109 S. Ct. 876, 102 L. Ed. 2d 999 (1989); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).

Plaintiff, having been informed of this case law, states that the issue is likely to arise while he is at JCI.  This contention is without merit, however, because of the particular facts that are presented here.  After all, Plaintiff was intially granted his right to observe the vegan diet.  It is only because of the alleged retaliatory animus at WCI, or the simple fact that Plaintiff did purchase non-vegan items at the prison canteen, that his rights were actually violated.  That factual scenario is unlikely to be repeated.  *See* Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242–43 (11th Cir. 2002) (recognizing the narrow exception to mootness doctrine for those cases that are "capable of being repeated and evading review," but requiring that there be a demonstrable likelihood that the same controversy will recur involving the same complaining party); Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001) (also holding that even a likely recurrence is insufficient if there would be ample opportunity for review of the claim at that time).

Plaintiff's claims for monetary relief are also unavailable. Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Thus, where a prisoner plaintiff alleges constitutional violations he is prevented under § 1997e(e) from seeking punitive or compensatory damages in the absence of a physical injury. Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007), *abrogated on other grounds by* Sossamon v. Texas, 563 U.S. 277, 131 S. Ct. 1651, 179 L. Ed. 2d 700 (2011). "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312–13 (11th Cir. 2002); Mann v. McNeil, 360 F. App'x 31, 32 (11th Cir. 2010). Because the injuries that Plaintiff complains of involve nothing resembling a physical injury, his claim for monetary damages is clearly not actionable.

There is an exception to the strictures of Section 1997e(e) for claims seeking nominal damages, that is, usually one dollar. Brooks v. Warden, 800 F.3d 1295, 1309 (11th Cir. 2015). Plaintiff brings no claim for nominal damages, however. Nonetheless, the court may broadly construe the complaint to contain a request for nominal damages relief. *See* Hughes v. Lott, 350 F.3d 1157, 1162–63 (11th Cir.

2003). Even if the court were to so construe the complaint, however, the claim would fail for the final reason that dismissal of the complaint is appropriate: Plaintiff's failure to exhaust his available administrative remedies.

Title 42 U.S.C. § 1997e provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is mandatory before a prisoner may file a civil suit challenging the conditions of his confinement. Booth v. Churner, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001); Porter v. Nussle, 534 U.S. 516, 524–25, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally *before* allowing the initiation of a federal case") (emphasis supplied). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. Porter, 534 U.S. at 524, 122 S. Ct. 983. Exhaustion is required whether the plaintiff seeks declaratory or injunctive relief, or damages, or both. Booth, 532 U.S. at 734, 121 S. Ct. at 1825. The exhaustion requirement is not subject to waiver by a court,

or futility or inadequacy exceptions.  *Id.* at 741 n.6; <u>Alexander v. Hawk</u>, 159 F.3d 1321 (11th Cir. 1998).  Importantly, a prisoner plaintiff must fully exhaust his administrative remedies *before* commencing his lawsuit in federal court.  <u>Smith v. Terry</u>, 491 F. App'x 81, 83 (11th Cir. 2012) (quoting <u>Brown v. Sikes</u>, 212 F.3d 1205, 1207 (11th Cir. 2000)).  Therefore, claims that were not exhausted at the time the prisoner filed his lawsuit must be dismissed even if the plaintiff proceeds to exhaust his administrative remedies at some future date.  <u>Smith</u>, 491 F. App'x at 84; *see also* <u>Alexander</u>, 159 F. 3d at 1324–26 (holding that there is no discretion to waive the exhaustion requirement or provide continuances when a claim was not exhausted before filing suit); <u>Garland v. Corizon Health Services, Inc.</u>, No. 4:14cv3/RH/CAS 2014 WL 6804766, at *3 (N.D. Fla. Dec. 1, 2014).

     The grievance procedures promulgated by the Florida DOC require an inmate to:  (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Office of the Secretary ("Central Office").   *See* Fla. Admin. Code  rr. 33-103.005 to 33-103.007; *see also* <u>Parzyck v. Prison Health Services, Inc.</u>, 627 F.3d 1215, 1218 (11th Cir. 2010).  In his third amended complaint, Plaintiff acknowledges this exhaustion requirement and provides that exhaustion was completed upon the denial of his grievance appeal by the Office of the Secretary on February 26, 2014 (ECF No. 38 at

12). Because Plaintiff initiated this lawsuit on February 6, 2014, exhaustion was not complete at the time he filed his complaint.

It is recognized that the exhaustion requirement, which is treated as a matter of abatement, is an affirmative defense to be asserted by defendants, and for that reason a plaintiff is not required to plead or demonstrate exhaustion in the complaint. Jones v. Bock, 549 U.S. 199, 216–17, 127 S. Ct. 910, 921–22, 166 L. Ed. 2d 798 (2007). But where, as here, the court can determine that lack of proper exhaustion appears from the face of the complaint, the complaint may be dismissed. *See* Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing Jones, 549 U.S. at 215, 127 S. Ct at 921)); *see also* Donawa v. Gilmore, 559 F. App'x 968, 969 (11th Cir. 2014); Burns v. Warden, USP Beaumont, 482 F. App'x 414, 416 (11th Cir. 2012). Thus, Plaintiff's claim for nominal damages, should one be read into the complaint, and for that matter his other claims for relief, are foreclosed by the fact that Plaintiff did not properly exhaust his claims before filing the instant cause of action.

Accordingly, it respectfully **RECOMMENDED**:

1. That the complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That all pending motions be denied as moot.

At Pensacola, Florida, this 26th day of April 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**